IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| KENNETH G. THOMASON, ) | |
| ) | |
| Plaintiff ) | Civil Action No.  2:16-cv-02014 |
| ) | |
| v. ) | |
| ) | |
| ENTERPRISE LEASING COMPANY OF ) | |
| CHICAGO, LLC, ENTERPRISE LEASING ) | **JURY TRIAL DEMANDED** |
| COMPANY, AND ENTERPRISE, ) | |
| ) | |
| Defendants. ) | |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT ENTERPRISE LEASING COMPANY OF CHICAGO, LLC, TO PLAINTIFF'S COMPLAINT**

COMES NOW Defendant Enterprise Leasing Company of Chicago, LLC ("Enterprise of Chicago") by and through its undersigned counsel, and for its Answer and Affirmative Defenses to Plaintiff's Complaint ("Complaint") states as follows:

1. On or about December 18, 2013, and prior thereto, the Defendant, ENTERPRISE LEASING COMPANY OF CHICAGO, LLC, with a principal office located at 1050 North Lombard Road in Lombard, Illinois, owned, operated, and managed a rental car service, and controlled a truck identified by vehicle identification number THTMMALL3CH562780 and license plate number 128877H.

**ANSWER:   Enterprise of Chicago admits only that it owns and operates rental car facilities and that the referenced vehicle was part of its rental fleet on December 18, 2013. Enterprise of Chicago denies the remaining allegations contained in Paragraph 1.**

2. On said date, and prior thereto, the truck identified by vehicle identification number THTMMALL3CH562780 was leased to CU There, LLC, with a principal office located

at 1711 West Old Church Road in Champaign, Illinois, a business providing delivery services, for a lease period from March 2012 through March 2013, renewable each year.

**ANSWER:   Enterprise of Chicago admits only that it leased the referenced vehicle to CU There, LLC.  Enterprise of Chicago is without knowledge or information sufficient to form a belief regarding the remaining allegations contained in Paragraph 2, and therefore denies them.**

3. During said lease period, the Defendant sent a mechanic from Bloomington, Illinois to service said truck in Champaign, Illinois, including required maintenance or needed repairs.

**ANSWER:   Enterprise of Chicago admits that it arranged for certain maintenance or repairs on the vehicle.  Enterprise of Chicago is without knowledge or information sufficient to form a belief regarding the remaining allegations contained in paragraph 3 and therefore denies them.**

4. At all relevant times, said mechanic acted as Defendant's agent and employee.

**ANSWER:   Enterprise of Chicago denies the allegations contained in Paragraph 4.**

5. On or about December 2012, Troy Ronk, owner of CU There, LLC, complained to a mechanic sent by Defendant that the hydraulic hose for the lift gate had a leak.

**ANSWER:   Enterprise of Chicago is without knowledge or information sufficient to form a belief regarding the allegations contained in Paragraph 5, and therefore denies them.**

6. On said date, and prior thereto, the leak was not repaired as the mechanic reported that Defendant did not authorize the leak to be repaired.

**ANSWER:   Enterprise of Chicago is without knowledge or information sufficient to form a belief regarding the allegations contained in Paragraph 6, and therefore denies them.**

7. On said date, and prior thereto, the Plaintiff, KENNETH THOMASON, an employee of CU There, LLC, was lawfully on in [sic] the truck as a foreseeable and intended user of said truck for the purposed of delivering a refrigerator.

**ANSWER:** **Paragraph 7 contains legal conclusions to which no response is required. Furthermore, and to the extent a response is required, Enterprise of Chicago is without knowledge or information sufficient to form a belief regarding the allegations contained in Paragraph 7, and therefore denies them.**

8. On said date, the Plaintiff, was standing on the hydraulic lift gate of the truck when it suddenly and unexpectedly dropped and knocked the Plaintiff to the ground before the hydraulic lift fate collapsed on top of the Plaintiff.

**ANSWER:** **Enterprise of Chicago is without knowledge or information sufficient to form a belief regarding the allegations contained in Paragraph 8, and therefore denies them.**

9. At all relevant times, the Defendant owed the Plaintiff, and all others lawfully using its vehicles, a duty to provide a safe and roadworthy vehicle, and to repair all known defects to the vehicle for the safety of the Plaintiff.

**ANSWER:** **Paragraph 9 contains legal conclusions to which no response is required. To the extent any response is required, Enterprise of Chicago denies the allegations contained in Paragraph 9.**

10. At said time and place, Defendant, by and through its agents, servants, subcontractors, and/or employees, was careless and negligent in the following ways:

    a. Failed to provide Plaintiff with a safe and defect free vehicle;

  b. Failed to make a reasonable inspection of the truck when Defendant knew, or in the exercise of ordinary care should have known, that said inspection was necessary to prevent injury to Plaintiff; and

  c. Failed to properly maintain and repair a known leak in the hydraulic hose of the truck so that as a direct and proximate result thereof Plaintiff was injured.

**ANSWER:** **Enterprise of Chicago denies each and every allegation contained in Paragraph 10, including subparts a-c.**

 11. On said date, as a direct and proximate result of one or more of the careless or negligent acts of Defendant, and as a result of the aforesaid fall, Plaintiff then and there suffered serious and permanent personal injuries including those to his right and left shoulders, and associated body parts, suffered and continues to suffer continuing pain and emotional suffering, suffered and continues to suffer great disability and loss of enjoyment of life, and incurred and continues to incur medical expenses for the treatment of said injuries, and lost and continues to lose earnings from his employment as a result of said injuries, all of which damages are of a continuing nature and permanent.

**ANSWER:** **Enterprise of Chicago denies each and every allegation contained in Paragraph 11.**

<b>AFFIRMATIVE DEFENSES</b>

 For further answer, Enterprise of Chicago asserts the following affirmative defenses. These affirmative defenses are alleged in the alternative, but only to the extent necessary and without waiving any other claim or defense it may have in this lawsuit. For its affirmative defenses to Plaintiff's Complaint, Enterprise of Chicago states:

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's alleged damages were solely the result of acts, omissions and/or conduct of other persons over whom Enterprise of Chicago exercised no control, including Plaintiff. These acts and/or omissions constitute intervening and superseding causes for the damages allegedly sustained by Plaintiff. Plaintiff's alleged damages were not proximately caused by any acts, omissions or conduct of Enterprise of Chicago, and Plaintiff is not entitled to recover any damages against it.

**SECOND AFFIRMATIVE DEFENSE**

The physical harm and/or damage allegedly sustained by Plaintiff was caused by other persons or circumstances over whom and/or about which Enterprise of Chicago exercised no control, and any damages claimed by Plaintiff must be diminished by the percentage that the contributory fault of any such individual(s) bears to the total fault involved in the accident alleged in Plaintiff's Complaint.

**THIRD AFFIRMATIVE DEFENSE**

The acts and/or omissions of other individuals over whom Enterprise of Chicago exercised no control contributed to and caused the damages allegedly sustained by Plaintiff. Enterprise denies any fault in this lawsuit, but to the extent any fault is determined against Enterprise, it amounts to less than 25% of the total fault and therefore any damages assessed against Enterprise should strictly conform to 735 ILCS 5/2-1117 of the Illinois Code of Civil Procedure.

**FOURTH AFFIRMATIVE DEFENSE**

Enterprise of Chicago, pleading in the alternative to its affirmative defense in the preceding paragraph, further alleges that joint and several liability is unconstitutional and

violates the provisions of the United States Constitution and the Illinois Constitution, including, but not limited to, this Defendant's right to due process and equal protection of law.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's comparative fault, assumption of the risk and/or misuse of the vehicle was the proximate cause of the occurrence complained of and Enterprise of Chicago is entitled to a proportionate reduction of any recovery by Plaintiff or a judgment in its favor if Plaintiff is found to be more than 50% at fault for his own alleged injuries and damages pursuant to 735 ILCS 5/2-1116 of the Illinois Code of Civil Procedure.

## SIXTH AFFIRMATIVE DEFENSE

The vehicle was designed, manufactured and sold in a manner that complied with all applicable governmental regulations, industry standards and the state of the art.

## SEVENTH AFFIRMATIVE DEFENSE

Any judgment entered in favor of Plaintiff should be reduced by the amount of any settlement, release, covenant not to sue or covenant not to enforce a judgment or the amount of consideration paid by any person or entity liable to Plaintiff for the injuries alleged in the Complaint.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred by the doctrine of federal preemption.

## NINTH AFFIRMATIVE DEFENSE

Enterprise of Chicago asserts that the laws of other states may apply to various aspects of this action.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim against Enterprise of Chicago upon which relief may be granted.

### ELEVENTH AFFIRMATIVE DEFENSE

To the extent alleged, Plaintiff's claims for strict product liability arising out of the alleged ownership of the defective vehicle are barred by the Graves Amendment, 49 U.S.C. § 30106(a).

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff may be barred from bringing some of the claims alleged in the Petition because Plaintiff may lack standing and/or capacity to bring such claims.

### THIRTEENTH AFFIRMATIVE DEFENSE

The subject vehicle may not have been in the same condition at the time of Plaintiff's alleged use of the vehicle as when the vehicle left the custody of Enterprise of Chicago.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred by the applicable statute of limitations.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff may have failed to join indispensable parties or real parties in interest necessary for the just adjudication of this matter.

### SIXTEENTH AFFIRMATIVE DEFENSE

Enterprise of Chicago reserves the right, until completion of its investigation and discovery, which is ongoing and incomplete, to file such additional defenses, counter-claims, and/or third party complaints as may be appropriate.

## JURY DEMAND

Defendant Enterprise Leasing Company of Chicago, LLC demands a trial by jury on all matters so triable as a matter of right.

WHEREFORE, Defendant Enterprise Leasing Company of Chicago, LLC denies that it is liable to Plaintiff for damages or other relief and requests judgment in its favor and against Plaintiff, together with costs of suit and any other general or specific relief as this Court may deem just and proper.

Dated: January 22, 2016                    Respectfully submitted,

                                           BRYAN CAVE LLP

                                           By: */s/ Bettina J. Strauss*
                                               Bettina J. Strauss, ARDC No. 6220600
                                               bjstrauss@bryancave.com
                                               211 N. Broadway, Suite 3600
                                               St. Louis, MO 63102
                                               (314) 259-2000 (telephone)
                                               (314) 259-2020 (facsimile)

                                               *Attorneys for Enterprise Leasing
                                               Company of Chicago, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 22, 2016, the foregoing was filed electronically via the Court's CM/ECF system which will provide notice to counsel of record.

/s/ *Bettina J. Strauss*